In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00486-CV**

_____

**IN RE WILLIE O. MCKUSKER JR.**

**Original Proceeding**
**279th District Court of Jefferson County, Texas**
**Trial Cause No. F-228,297**

**MEMORANDUM OPINION**

In this mandamus proceeding, Relator challenges the trial court's entry of a Temporary Order wherein the trial court ordered Relator to pay temporary spousal support to his spouse in the amount of $1,770.00 a month for four months.

We conclude that Family Code Section 8.055, the statute relied upon by the Relator, applies to a maintenance order on dissolution of marriage and does not prohibit a trial court from ordering payment of temporary support during the pendency of the suit for divorce. Furthermore, we conclude that the "Federal Law"

1

relied upon by Relator does not prohibit the particular temporary order entered by the trial court. Accordingly, we deny the petition for a writ of mandamus.

A suit to dissolve the marriage of Willie O. McKusker Jr., Relator, and Teresa McKusker, Real Party in Interest, is pending before the trial court. On December 13, 2017, the trial court signed temporary orders that in part require Willie to make temporary spousal support payments to Teresa.

In issue one, Relator argues the trial court clearly abused its discretion by requiring him to make temporary spousal support payments because his only income is service-connected disability compensation from the Department of Veterans Affairs and from Social Security disability benefits. Relator contends that section 8.055 of the Texas Family Code exempts both types income from a maintenance order. *See* Tex. Fam. Code Ann. § 8.055 (a)(a-1)(2)(F-G) (West Supp. 2017). We note, however, that the trial court has not ordered spousal maintenance under Chapter 8 of the Texas Family Code. The trial court ordered temporary support pursuant to a separate statute that does not exempt disability payments. *See* Tex. Fam. Code Ann. § 6.502(a)(2) (West Supp. 2017). Moreover, the trial court has not ordered Relator to use any particular benefits to pay the temporary spousal support. Accordingly, we overrule his first issue.

In issue two, Relator contends that "Federal Law," namely the Uniformed Services Former Spouses' Protection Act, pre-empts state law and effectively exempts Veterans Disability Payments as income to be used to pay support. *See generally* 10 U.S.C. § 1408 (1982); *see also Mansell v. Mansell*, 490 U.S. 581, 594-95 (1989) (holding the Act "does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits[]"). At the stage of the current proceeding, and based upon the record currently before us, the trial court has done nothing more than enter a Temporary Order that contained in part temporary spousal support in a specified amount. We cannot say that the trial court clearly abused its discretion. The petition for a writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on January 2, 2018
Opinion Delivered January 11, 2018

Before Kreger, Horton, and Johnson, JJ.